Argued October 5, affirmed October 26, 1966

## ROGUE VALLEY MANOR v. STATE TAX COMMISSION

419 P. 2d 422

*Sidney E. Ainsworth,* Ashland, argued the cause for appellant. With him on the brief was Donald M. Pinnock, Ashland.

*Gerald F. Bartz,* Assistant Attorney General, Salem, argued the cause for respondents. With him

on the brief was Alfred B. Thomas, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

PER CURIAM.

We affirm the ruling of the Oregon Tax Court and adopt its opinion, which is as follows:

"Plaintiff filed this suit to reduce the amount of ad valorem real property taxes assessed against plaintiff for the tax year 1964-65.

"Plaintiff, Rogue Valley Manor, is an Oregon nonprofit corporation owning and operating a retirement home in Medford, Oregon. The building, an outstanding and impressive structure, is located on a hill and commands a view of all the surrounding area. The 17.5 acres of grounds and the landscaping are equally impressive. The Manor was completed and the first occupants moved in during January, 1961.

"The Manor cost $5,621,000 to construct and consists of 255 living units housing 325 people. Of the 255 units, 180 are for single occupancy and 75 are for double occupancy. The apartments range from 322 square feet to 964 square feet. The membership fees, ranging from $8,500 to $30,000, entitle the members to a private apartment and all the facilities of the Manor for the balance of their lifetime. In addition a life care fee of $150 per month is charged to cover the expense of meals, medical and infirmary services, utilities, bus service and recreational facilities.

"The Manor had an average 2 per cent vacancy rate from its opening to the time of trial.

"The plaintiff alleges that the true cash value of the Manor on January 1, 1964, was no more than $3,000,000 and the defendant contends the value was $4,556,090.

■ "All of the expert witnesses agreed that the Manor should be valued using the replacement cost less depreciation approach. As there have been no comparable sales, the market approach is eliminated and the fact the Manor is a nonprofit organization eliminates the income approach in this case.

"Mr. Ralph Walstrom, an expert appraiser, testified for plaintiff. He stated that the true cash value of the Manor as of January 1, 1964, was $3,000,000. He agreed that the Manor was 'very well constructed' and 'practically new.' He contended that the Manor had depreciated approximately $2,600,000 from its original cost because of economic obsolescence. When the original contractual arrangements were made by the Manor with the occupants, no consideration was given to real property taxes because the Manor considered it would be exempt as a charitable institution. He concluded that the functional obsolescence was minimal and the main loss in value was economic depreciation because of the expense of the unanticipated property taxes.

"The appraiser for the county also used the replacement cost less depreciation approach and found the value as of January 1, 1964, to be $4,556,090. He did not use the actual cost of the Manor but used the factor book published by the defendant Tax Commission and adjusted to the Medford area. While he did not feel that there was any economic or functional obsolescence, his valuation of $4,556,090 is approximately $1,065,000 less than the actual cost of $5,621,000.

■ "This court cannot agree with plaintiff's appraiser that this outstanding Manor, admittedly well planned and constructed, has depreciated in value from a cost of $5,621,000 to $3,000,000 in the space of three years.

"It is this court's conclusion after considering all the evidence including the testimony regarding obsolescence, cost, type of construction and vacancies that the true cash value of $4,556,090 as de-

termined by the Jackson County Assessor at the trial is the true cash value of the Manor as of January 1, 1964." 2 OTR Adv Sh. 249 (1965).

Affirmed.